'Ford, J.
While James Thompson had possession of the Leake estate, by means of his three tenants, O’Hanlin, Vreeland and Dodd; one McAndrews, on the 25th of April, 1838, caused *128 an ejectment to be served, on those tenants; and they failing to appear, he obtained judgment by default, and bad them put out by a writ of possession. Whereupon, Thompson the landlord of those tenants, made it appear to the court, that the proceedings in that action against them, were entirely illegal and irregular; and for that reason, the court set aside the judgment, and granted a rule on the sheriff to restore to the tenants, their possession ; and they were restored accordingly. While executing this order, Thompson the landlord, insisted'before the sheriff, that a certain lot of seventeen acres, then occupied by one John Engle, was a part of the Leake-estate out of which his tenants had been turned, and that the sheriff must restore that lot also to his tenants; and the sheriff did so. Hereupon John Engle complains of being put out of the occupation of this lot, the possession of which he insists never was in Thompson, or either of his tenants; and he prays to have it restored to him. Whether it ever was in the possession of Thompson or his tenants, is the only question.
The Leake-estate having been heretofore laid out in lots, these seventeen acres are known as lot No. 218, on the map; adjoining certainly to that estate; but whether a part of it or not, is disputed. It extends down to the shore; between which, and a bluff of rocks, there is a small inclosure, about four panels of fence long, and as many wide, surrounding a fishing cabin erected some years ago by John Engle, and used by him only in the fishing season.. The rest of the lot is wholly uninclosed, and never was otherwise.
Now the actual possession of part of an uninclosed tract, is no constructive possession of the remainder, unless accompanied by a deed showing the bounds, and some color of title in the occupant ; neither of which is shown by Engle.
The evidence for Thompson, is a documentary title rof the Leake-estate, with metes and bounds, to which he shows a color. of title, accompanied by actual possession of part of it, which gives him a fair constructive possession of the uninclosed parts to the extent of those bounds, but no further. It does not appear, however, that Leake ever had a deed for these seventeen acres of uninclosed land; on the contrary, a short time before his death, it appears, that he disclaimed this vacant lot, and declared it to be the property of another person. Therefore, *129 Thompson has shown no possession, either actual or constructive, of this vacant tract: he got it delivered to him by the sheriff, only by making a representation, which he does not now prove to be true.
But there is a fact, evincing beyond all manner of doubt, that on the 15th of March, 1838, while Thompson’s tenants held the Leake-estate, Engle was in possession of this lot. On that day, Thompson brought an ejectment against him, for this uninclosed seventeen acres, by the very description of lot No. 218. If Thompson was then in possession of it, he had no need of ihat action to recover what he already had. He complained in that action, of Engle’s being in the tortious possession of that lot; and so we have his admission on record, of Engle’s possession. The common rule was exchanged, in which Engle defended for this very lot of seventeen acres, called No. 218, and the action is still depending. Thompson made a gross misrepresentation to the sheriff, therefore; and in my opinion, a rule ought to be granted to restore the possession of this lot to John Engle, and that the costs of the application and restoration be paid by James-Thompson.
Dayton, J.
The facts of this case are briefly as follows: A declaration in ejectment, at the suit of the above named plaintiff, was served upon the above named defendants, on the 25th of April, 1838, returnable to the May Term of the Supreme Court-following. Upon the return of this declaration, the defendants failing to appear, judgment by default was entered against the casual ejector, and a writ of hab. fao. poss. was placed in the hands of the sheriff”, returnable to September Term of said court. Whereupon the sheriff, by virtue of this writ, put the plaintiff in possession of certain premises described in the return thereto, as well as of a certain seventeen acre lot, alleged never to have been in the possession of said defendants, or either of them.
At a subsequent term, James Thompson, the landlord of the above defendants, upon cause shown, had this judgment by default opened, the hab fa. poss. set aside and a writ of restitution awarded. The sheriff in executing this writ of restitution, delivered to Thompson, possession of the same premises from, which the above defendants, his tenants, appeared by the return to the *130 hab.fa. poss. to have been ejected; and among others, this seventeen acre lot, which John Engle alleges to have been in his possession at the time of the service of the above declaration in ejectment, as well as at the time of the execution of the above writ of restitution.
The present motion therefore, is upon the part of John Engle, to set aside the execution of the- last mentioned writ, so far at least, as concerns the seventeen acre lot.
Although considerable ground was covered upon the argument of this matter, particularly upon the part of Thompson, yet the whole question is certainly within a very small compass. It matters not who has the title to this lot; whether it is, or is not a part of the Leake-estate, about which there is so much dispute. The sole questions are: First, Were the defendants or either of them, in possession of this lot when the declaration in ejectment was served ? and if not; Second, Was Engle in possession thereof, when the writ of restitution was executed ?
If the defendants were not in possession of the seventeen acre lot, when the suit was commenced against them, by no possibility could the plaintiffs recover possession under or by virtue of any judgment which could be entered in that ease. It is perfectly well settled, that a party can never be turned out of possession of that for which he has had no opportunity of defending. And if a stranger to the suit be interfered with by the writ of execution issued on the judgment, the court will at all times give summary relief against this abuse of its own process. Doe, ex dem. Troughton v. Roe, 4 Burr. R. 1996; Ex parte, Reynolds, 1 Caines’ R. 376; Cottingham v. King, 1 Burr. R. 623; Den v. Johnson, 7 Hal. 277.
There might perhaps have been much doubt as to the possession of this seventeen acre lot, except for one piece of evidence which so far as the present matter is concerned, is to my mind, conclusive. The declaration in ejectment at the suit of the above plaintiff, was served upon the defendants, April 25, 1838. The defendants making default, judgment was entered and execution issued; upon which said execution the plaintiff was placed in possession of this seventeen acre lot. But Engle alleging that he, and not the defendants, was in possession of this lot at the commencement of that suit, produces in evidence a declaration in *131 ■ejectment against him, by James Thompson, the landlord of these defendants, for the recovery from him, of the possession of this very lot; which declaration was served upon him, Engle, as tenant in possession, on the 15th March preceding, and upon the return thereof to the May Term of 1838, consent rules admitting Engle’s possession and identifying the lot for which the suit was brought, were regularly exchanged between Mr. Zabriskie and Mr. Halsted, the attorneys of the respective parties. Now, let it be remembered, that there is no pretence that there lias been any change of possession since the loth of March. If Engle were in possession then, he was likewise in possession on the 25th of April. Nor has there been any evidence to show that this action of ejectment was brought by Thompson, through misapprehension or mistake of the facts. Mr. Halsted, the attorney of Thompson, was examined as a witness in reference to another branch of the ease, but he says nothing in reference to this; which by the way, was made a prominent point in the taking of testimony, and to which his attention must have been particularly called. We have then the bald fact, that Thompson, the very man who now alleges that he himself, by his tenants, was in possession of this seventeen acre lot, on the 25th of April, admitting in the most solemn form, to wit: by a suit of record, that Engle was in possession thereof on the 15th of March of the same year; and that he continued in possession until in May fol - lowing, is furthermore admitted by his, Thompson’s, continuing to prosecute his suit for the recovery of that possession, and exchanging consent rules identifying the lot, in the May Term of the Supreme Court. There is no escape from this evidence ; as against Thompson, it is conclusive. The original hab.fae. pass, being set aside, and a writ of restitution awarded in behalf of Thompson, he could only be restored, legally, to that from the possession of which, he had wrongfully been ejected. But he had not been ejected from the possession of this seventeen acre lot, at all. By his own admission, of record, it had not been in possession of himself orofhis tenants,butof Engle. This possession having been once shown to be in Engle, in presumption of law it so continues until a change of possession is shown. But no change is pretended, it remained at the time of the execution of the writ of restitution, as it was on the 15th of March, 1838.
*132 It was contended, that the consent rule above referred to, was not competent evidence upon the question of possession, but there is nothing in this. • It is the suit by Thompson, which admits himself out and Engle in possession of the lot in question. The consent rule, according to the practice of this state, recently adopted, admits not only lease entry and ouster, but possession of the premises, (briefly describing the same,) for which the defendant intends to defend. This consent rule identified the lot, and as against Engle, was a direct admission of possession ; the acceptance of that consent rule by Thompson, recognizes the lot therein specified as the same for the recovery of the possession of which, his suit was brought.
I am of opinion therefore, that the rule to show cause be made absolute, with costs; and that the sheriff of the county of Bergen, do restore to John Engle, the possession of the seventeen acre lot within referred to, forthwith, upon service of a copy of this rule.
Hornblower, C. J. and White, J. concurred.
Neyius, J.
The state of facts as derived from the argument in this ease, are these :
The notice to the declaration was directed to Martin O’Hanlin, John Vreeland and John Dodd, tenants in possession, and was served on the 25th of April, 1838. The tenants did not appear, and judgment was entered against the casual ejector by default. Upon this judgment a writ of habere facias possessionem was issued, and the tenants by virtue’of it, were turned out of possession. At the next term of the court, James Thompson made affidavit that he was the landlord of these tenants and that the judgment was fraudulent as to him, and upon this, applied for a writ of restitution, which was granted. In the execution of this writ, he obtained possession not only of the lands which had been delivered to McAndrews, on the writ of hab. fa. pass, as the lands of the tenants above mentioned, but also obtained possession of a lot of seventeen acres, which it is alleged was in the possession of John Engle, and had never been delivered to the plaintiff, under the writ of possession.
This motion is made in behalf of Engle, and is to set aside the writ of restitution, so far as regards this lot of seventeen acres.
*133 Iii support of this motion, depositions have been taken, and read before the court, from which, it appears that Engle was in the actual possession of at least a part of this lot, at the commencement of the suit. He had erected a cabin or tenement upon it, cultivated a part of it, and had cut wood upon other parts and used it as his own. That the seventeen acres had been esteemed as a distinct and separate part, from the adjoining lands, though not actually enclosed. It is further proved, that Thompson himself brought an action of ejectment against Engle, and served his declaration upon Engle, on the 15th of March, 1838, for the recovery of this lot; and on the return of this declaration, actually entered into and exchanged consent rules with Engle, which action was abandoned and no further prosecuted after this writ of restitution had been' executed. It also appears from the depositions, that the sheriff, under the writ of habere fae. poss. undertook to deliver the possession of this lot to MeAndrews, not by delivering the house or tenement to him, but by entering upon some remote spot, and there delivering possession without the knowledge of Engle.
There are many other matters sworn to by the witnesses touching the title to this lot, which are not material in the decision of this motion.
The plaintiff in ejectment, upon this writ of possession, must point out to the officer the premises to which he has established his title; and takes possession at his peril. If he takes possession of more than belongs to him, either out of the hands of the defendant, or of a third person, this court will in a summary way restore the party to that possession of which he has been so improperly deprived ; 7 Hal. 275 ; and for like reason has the power, upon satisfactory proof, to correct the execution of a writ of restitution. In this case it is clear, that the action was commenced for the recovery of lands in the possession of the three tenants, named in the notice to the declaration; that the judgment against the casual ejector entitled the plaintiff to recover those lands and no others. If under his writ of possession, he actually acquired possession of other lands, whether by a delivery of possession conformable in modo to law, or not, he did not thereby obtain any legal right, either to the possession or to the property. It matters not therefore, whether the proceedings of *134 the sheriff, in delivering possession, were in form legal or not. If he delivered possession of lands, the title to which was not involved in the suit, he went beyond his authority, and this court will correct the mistake. The act therefore of giving possession to McAndrews, will constitute no legal ground or justification to the sheriff for putting Thompson in possession of these lands, under the writ of restitution ; for that writ could only extend to lands of which he had been deprived by the writ of hab. fa. poss. and the only lands of which he could have been so deprived by that writ, were the lands of which his tenants were in possession.
But a conclusive argument in support of the present motion, is found in the fact, that before the suit of McAndrews, Thompson himself had commenced an ejectment against Engle and entered into the consent rules. Although the action of ejectment in form is fictitious and may be so far controlled in its formal parts, by the court, as to prevent injustice, yet the act of bringing the suit and exchanging rules, is matter of substance and evidence against the plaintiff. In the present case, it was a clear acknowledgment of possession in Engle, and cannot now be controverted by the plaintiff. The writ of restitution did not extend to this property, and his taking possession of it under that writ, was without authority. I am therefore of opinion, that the rule in this case be made absolute.

Mule absolute.

Cited in White v. Den, 4 Zab. 754.